IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRISPITED ORTIZ, | : | CIVIL NO. 3:CV-12-1194 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN FRANK STRADA, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Crispited Ortiz ("Petitioner" or "Ortiz"), an inmate confined at the Federal Prison Camp at the Federal Correctional Institution at Allenwood, ("FCI Allenwood") White Deer, Pennsylvania, initiated the above action pro se by filing a petition for writ of habeas corpus ("petition") under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") failed to properly consider him for placement in the Elderly Offender Home Detention Pilot Program ("Pilot Program") authorized by the Second Chance Act of 2009 ("SCA"). (Doc. 1). For the reasons set forth below, the petition will be denied.

I.  **Background**

   A.  **Factual Background**

On November 30, 1995, the United States District Court for the Eastern District of Pennsylvania, sentenced Ortiz to a 360-month term of imprisonment for Conspiracy to Distribute heroin, Distribution of Heroin, Aiding and Abetting, Distribution of Heroin Near a School, and Forfeiture in violation of 21 U.S.C. § 846(A)(1), 21 U.S.C. § 841(A)(1), 18 U.S.C. § 2, 21 U.S.C. § 860(A), and 21 U.S.C. § 853. (Doc. 8-1, ¶ 3.) Ortiz's projected

release date, including consideration of earned good conduct time credit, is March 2, 2021. (Id.)

On October 24, 2010, Ortiz's file was reviewed for eligibility for the Pilot Program. (Doc. 8-1, ¶ 5.) "Due to Ortiz not having completed the "greater" of either 10 years service or 75 percent of his sentence (270 months) Ortiz was not eligible." ((Doc. 8-1, ¶ 5; Doc. 8-1, at 22.) Specifically, "[i]nmate will be 65 as of 01-23-2011. He is currently serving a 360 month sentence, and, as such, will be eligible for consideration in pilot program submission upon service of 270 months of incarceration. Inmate has currently served approximately 189 months." (Doc. 8-1, at 22.) Because Ortiz had not yet served the greater of ten (10) years or seventy-five (75) percent of the term of imprisonment to which he was sentenced as required by 42 U.S.C. § 17541(g)(5)(A)(ii) the BOP determined that he did not meet the statutory criteria to be eligible for participation in the Pilot Program. (Id.)

**B.   BOP Operations Memorandum**

On February 5, 2009, the BOP issued Operations Memorandum 003–2009 (5392), Elderly Offender Home Detention Pilot Program ("BOP Memorandum"), to provide guidance to BOP staff for administering the pilot program authorized by the SCA at BOP facilities nationwide. (Doc. 8-1, at 5.) The BOP Memorandum specifies that, "[i]n accordance with the [Second Chance] Act, inmates must meet all statutory eligibility criteria to participate in the pilot program." (Doc. 8-1 at 6, § 2 c.) Section 3 of the BOP Memorandum sets forth the statutory eligibility criteria, including age, eligibility based on length of sentence and amount of time served, eligibility based on the inmate's current and

2

prior conviction(s), and history of escape from a Bureau Institution. (Id. at 17, § 3.) It specifies that "[e]ligibility to participate requires the inmate to have 'served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced.' " (Id. at 8, § 3(b).) It further explains that "[s]taff must first determine whether the inmate has served 10 years or more of the term in effect. . . . If the inmate has not served at least 10 years of the term in effect, s/he is not eligible to participate. . . . If the inmate has served 10 years or more of the term in effect, staff next determine whether the inmate has served 75% of the term in effect. . . . If the inmate has served at least 10 years, but not 75%, of the term in effect, s/he is ineligible to participate." (Id. at 8, § 3(b); see 42 U.S.C. § 17541(g)(5)(A)(ii).)

## II. Discussion

The SCA, which was signed into law on April 9, 2008, mandated that the Attorney General, in coordination with the Director of the BOP, create a federal prisoner reentry initiative. Pub.L. No. 110–199 (codified at 42 U.S.C. § 17541). Among these initiatives was the creation of the Pilot Program, "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g). The statute sets forth seven (7) criteria which an offender in BOP custody must meet in order to be considered an "eligible elderly offender." 42 U.S.C. §

17541(g)(5)(A)(i)-(vii).[1] For purposes of the Pilot Program, an "eligible elderly offender" is defined as an offender who is at least 65 years of age (and is serving a term of imprisonment that is not life imprisonment based on conviction for an offense that does not include any crime of violence, sex offense, or other offenses enumerated in the statute) and who has served the greater of 10 years or 75% of the term of imprisonment imposed at sentencing.

---

[1] Title 42 U.S.C. § 17541(g)(5)(A) provides as follows:

The term 'eligible elderly offender' means an offender in the custody of the Bureau of Prisons—

(i) who is not less than 65 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 16911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

(vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

4

See 42 U.S.C. § 17541(g)(5)(A)(i)-(iii).

At issue in this case is whether the language contained in BOP Operations Memorandum 003-2009 (5392), "[i]f the inmate has served 10 years or more of the term in effect, staff next determine whether the inmate has served 75% of the term in effect" (Doc. 8-1, at 8), is inconsistent with the SCA. See 42 U.S.C. § 17541(g)(5)(A)(ii). Ortiz argues that the BOP incorrectly interpreted and applied § 17541 in determining the amount of time he must serve in order to be eligible for the Pilot Program since, according to him, the statutory intent of the eligibility language of § 17541 is for an inmate to serve "one or the other" of 10 years "or" 75% of his sentence in order to be eligible for participation in the Pilot Program. (Doc. 1, at 3.) He contends that, according to Webster's Dictionary, the conjunction "or" is "used as a function word to indicate an alternative (sink or swim)." Id.

In engaging in a statutory construction analysis, "[f]irst, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Chevron U.S.A Inc. v. Nat'l Resources Defense Council, Inc., 467 U.S. 837, 842–43 (1984) (footnotes omitted); see also Parker v.. Conway,

5

581 F.3d 198, 204 (3d Cir. 2009) (finding that a court must interpret a statute "by looking at the language of the [statute]. . . . When [the court] find [s] the terms of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances' ") (quoting Rubin v. United States, 449 U.S. 424, 429–30 (1981)) (alteration in original).

Ortiz's position regarding § 17541 is inconsistent with the plain, unambiguous language of the statute. Section 17541(g)(5) (A)(ii) specifically provides that an "eligible elderly offender" must have "served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5)(A)(ii). Thus, the statute is unambiguous with regard to the amount of time an inmate must serve in order to become eligible for the pilot program: 10 years or 75% of his/her sentence, whichever is the greater length of time. In limiting his focus to the word "or" in this part of the statute, he fails to recognize that "the phrase 'the greater of' serves as an express modifier of the following conjunction 'or.' " Petrie v. Schultz, No. 09-6291, 2011 WL 9444, at *2 (January 3, 2011 D.N.J.).

Conversely, the BOP's interpretation of § 17541 is consistent with the plain language of the statute. Therefore, BOP staff correctly determined that Ortiz did not qualify for the Pilot Program because, after having served 189 months, he had not served 75% of his 360 month sentence. See United States v. Moore, No. 93-210, 2009 WL 2970464 at *2 (M.D.Ala. Sep. 11, 2009) (finding petitioner cannot be allowed to participate in Pilot Program because he had served only years of a 30–year sentence, which was not the greater of 10 years or 75% of his sentence); see also Knight v. Jett, No. 09-2293, 2010 WL 4052182

6

(D.Minn. Sept. 13, 2010) (same, with regard to the inmate serving 292–month term); <u>Willis v.. Keller</u>, No. 2010-303, 2010 WL 3022692 (M.D.Ala. July 7, 2010) (same, with regard to the inmate serving 360–month term); <u>Mathison v. Davis</u>, 09-2549, 2010 WL 1769750 (D.Colo. May 3, 2010) (same, with regard to the inmate serving 235–month term).

However, even if the statutory language could, somehow, be deemed "ambiguous," the BOP's interpretation of the statute, as reflected in the BOP's Operations Memorandum, will not be disturbed by this Court since the BOP's reading of § 17541(g)(5)(A)(ii) is facially not unreasonable. See <u>Chevron</u>, 467 U.S. at 843.

### III. <u>Conclusion</u>

For the foregoing reasons, Ortiz's petition for writ of habeas corpus will be denied. An appropriate Order follows.

BY THE COURT:

<u>s/James M. Munley</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: October 28, 2013